HUNTON & WILLIAMS LLP
M. BRETT BURNS (SBN 256965)
mbrettburns@hunton.com
Y. ANNA SUH (SBN 228632)
asuh@hunton.com
575 Market Street, Suite 3700
San Francisco, CA 94105
Telephone: 415.975.3700
Facsimile: 415.975.3701

Attorneys for Defendant
REGAL CINEMAS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL FERNANDES,<br><br>        Plaintiff,<br><br>    v.<br><br>REGAL CINEMAS, INC.,<br><br>        Defendant. | Case No. C08-1024 BZ<br><br>DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date Action Filed: February 20, 2008<br><br>Date: October 15, 2008<br>Time: 10:00 a.m.<br>Ctrm: G, Fifteenth Floor<br><br>Magistrate Judge Bernard Zimmerman |

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................3

II.     STATEMENT OF ISSUES .................................................................................3

III.    STATEMENT OF FACTS RELEVANT TO THIS MOTION ...............................4

IV.     THE APPLICABLE LEGAL STANDARD ..........................................................5

V.      ARGUMENTS AND AUTHORITIES .................................................................5

        A.      Plaintiff's ADA Title III Claim Fails As A Matter Of Law. .....................5

        B.      The Court Should Decline To Exercise Supplemental Jurisdiction Over
                Plaintiff's State Law Claims .................................................................9

                1.      The Court Should Not Exercise Supplemental Jurisdiction Over
                        Plaintiff's State Law Claims Once The Federal Claim Is Dismissed. .........9

                2.      Plaintiff's State Law Claims Predominate Over His Federal Law Claim..10

                3.      Plaintiff's State Law Claims Raise Novel Issues Of State Law.................11

VI.     CONCLUSION.....................................................................................................14

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Cahill v. Liberty Mutual Insurance Co.*,
  80 F.3d 336 (9th Cir. 1996) ..........................................................................5

*Caruso v. Blockbuster-Sony Music Entertainment Ctr.*,
  968 F. Supp. 210 (D.N.J. 1997) ...................................................................6

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ..........................................................................5

*De La Cruz v. Tormey*,
  582 F.2d 45 (9th Cir. 1978) ..........................................................................5

*Fortyune v. American Multi-Cinema, Inc.*,
  364 F.3d 1075 (9th Cir. 2004) ......................................................................6

*Kahle v. Gonzales*,
  487 F.3d 697 (9th Cir. 2007) ........................................................................5

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2001) ......................................................................8

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ........................................................................8

*Lentini v. Cal. Ctr. For the Arts*,
  370 F.3d 837 (9th Cir. 2004) ..................................................................12, 13

*Molski v. Mandarin Touch Restaurant*,
  347 F. Supp. 2d 860 (C.D. Cal. 2005) ........................................................11

*Molski v. Mandarin Touch Restaurant*,
  359 F. Supp. 2d 924 (C.D. Cal. 2005) ...................................................10, 11

*Owen  Equipment & Erection Co. v. Kroger*,
  437 U.S. 365 (1978).......................................................................................9

*Papasan v. Allain*,
  478 U.S. 265 (1986).......................................................................................5

*Pickern v. Best Western Timber Cove Lodge Marina Resort*,
  194 F. Supp. 2d 1128 (E.D. Cal. 2002).......................................................10

*Sparrow v. Mazda American Credit*,
  385 F. Supp. 2d 1063 (E.D. Cal. 2005).........................................................9

*United States v. National Amusements, Inc.*,
  180 F. Supp. 2d 251 (D. Mass. 2001) ...........................................................6

*Wander v. Kaus*,
  304 F.3d 856 (9th Cir. 2002) .............................................................10, 11, 13

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

*Western Mining v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ................................................................5

*Wilson v. PFS, LLC,*
    493 F. Supp. 2d 1122 (S.D. Cal. 2007) ..................................................12

*Wilson v. Pier 1 Imports (US), Inc.,*
    439 F. Supp. 2d 1054 (E.D. Cal. 2006) ...............................................7, 12

## STATE CASES

*Cross v. Pacific Coast Plaza Investments, L.P.,*
    No. 06 CV 2543 JM (RBB), 2007 WL 951772 (S.D. Cal. March 6, 2007) ............................12

*Gunther v. Lin,*
    44 Cal. App. 4th 223 (2006) ..........................................................12, 13

*Pinnock v. Java Depot, Inc.,*
    Civil No. 06CV1871-L(JMA), 2007 WL 2462106 (S.D. Cal. Aug. 28, 2007) ......................13

*Kohler v. Mira Mesa Marketplace West, LLC,*
    No. 06CV2399 WQH (POR), 2007 WL 1614883 (S.D. Cal. 2007) ...............................12

*White v. Cinemark USA, Inc.,*
    No. S-04 CV 397GEB/CMK, 2005 WL 1865495 (E.D. Cal. Aug. 3, 2005) .........................5

*Yates v. Union Square,*
    No. C 07-04087 JSW, 2008 WL 346418 (N.D. Cal. Feb. 7, 2008) ..............................13

## FEDERAL STATUTES

42 U.S.C. § 12182(a) ......................................................................5

42 U.S.C. § 12188(a) .....................................................................11

28 U.S.C. § 1367 .........................................................................10

28 U.S.C. § 1367(a) .......................................................................9

28 U.S.C. § 1367(c) ....................................................................9, 11

28 U.S.C. § 1367(c)(1) ...................................................................11

## STATE STATUTES

Cal. Civ. Code § 51(f) ...................................................................12

1    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that on October 15, 2008, at 10:00 a.m. or as soon thereafter as

3    counsel may be heard, in the Courtroom of the Honorable Bernard Zimmerman, United States

4    Magistrate Judge, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Regal

5    Cinemas, Inc. will and hereby does move to dismiss the federal and state law causes of alleged in the

6    Complaint filed by Plaintiff Michael Fernandes in the above-captioned action.

7           Defendant's motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

8    on the ground that Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's

9    ADA Title III claim is predicated on his personal observations that certain emergency exits at

10   Defendant's movie theater multiplex have steps, are thus inaccessible to wheelchair-using patrons

11   (who would require assistance to use them, as Plaintiff allegedly did sometime in 2004), and that

12   Defendant therefore "do[es] not provide accessible means of egress in the same number as is required

13   for exits by the local building/life safety regulations."  No viable ADA Title III claim is presented on

14   these facts.  Defendant provides one accessible means of egress from each theater in the multiplex,

15   Plaintiff admits that Defendant does so through the main entrance and exit, about which he has no

16   complaint whatsoever, and that is all Defendant is required to do under the ADA Standards.  ADA

17   Title III does not require additional exits, including additional emergency exits, to be wheelchair-

18   accessible.  To be sure, the stepped emergency exit design about which Plaintiff appears to complain

19   exists in virtually every multi-story place of public accommodation in the country, and it strains

20   credibility to suggest that all of these designs, used in architecture and construction for decades, are

21   somehow unlawful.  Plaintiff has not and cannot state an ADA Title III claim upon which relief may

22   be granted, and this lawsuit should therefore be dismissed.

23          If the Court dismisses Plaintiff's ADA Title III claim, the Court should decline to exercise

24   jurisdiction over Plaintiff's supplemental state law claims and dismiss those claims without prejudice.

25   Should the Court not dismiss Plaintiff's ADA Title III claim, the Court should nevertheless

26   independently decline exercising supplemental jurisdiction over Plaintiff's state law claims because

27   they raise novel issues of state accessibility law that, as this Court has already recognized, should be

28   adjudicated by a state court, or because they predominate over his federal claim.

1        This motion is based upon this notice of motion and motion, on the memorandum of points and

2    authorities filed herewith, and on all the pleadings and papers on file herein.

3    Dated:  September 5, 2008                **HUNTON & WILLIAMS LLP**

4

5            By  s/ Y. Anna Suh
                          Y. Anna Suh

6            Attorneys for Defendant Regal Cinemas, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff has failed to state an ADA Title III claim upon which relief can be granted.  Plaintiff's ADA Title III claim is predicated on his personal observations that certain emergency exits at Defendant's movie theater multiplex have steps, are thus inaccessible to wheelchair-using patrons (who would require assistance to use them, as Plaintiff allegedly did sometime in 2004), and that Defendant therefore "do[es] not provide accessible means of egress in the same number as is required for exits by the local building/life safety regulations."  No viable ADA Title III claim is presented on these facts.  Defendant provides one accessible means of egress from each theater in the multiplex, Plaintiff admits that Defendant does so through the main entrance and exit, about which he has no complaint whatsoever, and that is all Defendant is required to do under the ADA Standards.  ADA Title III does not require additional exits, including additional emergency exits, to be wheelchair-accessible.  To be sure, the stepped emergency exit design about which Plaintiff appears to complain exists in virtually every multi-story place of public accommodation in the country, and it strains credibility to suggest that all of these designs, used in architecture and construction for decades, are somehow unlawful.  Plaintiff has not and cannot state an ADA Title III claim upon which relief may be granted, and this lawsuit should therefore be dismissed.

If the Court dismisses Plaintiff's ADA Title III claim, then the Court should decline to exercise jurisdiction over Plaintiff's supplemental state law claims and dismiss those claims without prejudice. It is well-settled in the Ninth Circuit that when a plaintiff's ADA Title III claim for injunctive relief is dismissed, plaintiff's state law claims based on the same allegations should also be dismissed.  And even if the Court were to not dismiss Plaintiff's ADA Title III claim, the Court should still decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the supplemental claims predominate over his federal claim or because they raise novel issues of state accessibility law – issues that this Court has recognized should be litigated in state court.

## II.    STATEMENT OF ISSUES

1.    Whether Plaintiff's Title III claim should be dismissed because Plaintiff has failed to state an ADA Title III claim upon which relief can be granted, in that Defendant admittedly provided

3

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1    one accessible means of egress from each theater in the multiplex, which is what the law requires?

2        2.    Whether the Court should decline exercising supplemental jurisdiction over Plaintiff's

3    state law claims due to the dismissal of Plaintiff's ADA Title III claim sought by and through

4    Defendant's Motion or, independently, because Plaintiff's state law claims raise novel issues of state

5    law that should be adjudicated by a state court?

6    **III.    STATEMENT OF FACTS RELEVANT TO THIS MOTION**

7        Defendant accepts the factual allegations pleaded by Plaintiff as true for purposes of this

8    Motion, as required by Federal Rule of Civil Procedure 12(b)(6), but reserves its right to contest these

9    facts in later proceedings, if any:

10        1.    Plaintiff has a mobility impairment and uses a wheelchair.  (Pl.'s FAC, ¶ 1).[1]

11        2.    Defendant operates the Regal Hacienda Crossings 20 movie theater multiplex located at

12    5000 Dublin Blvd., Dublin, California.  Pl.'s FAC, ¶ 2.  The multiplex was designed and constructed

13    for first occupancy after January 26, 1993.  *Id.* at ¶ 13.  The multiplex has twenty (20) individual

14    movie theaters.  *Id.*

15        3.    Each movie theater in the multiplex has at least one means of egress for entering and

16    exiting the movie theater as required by law.  Pl.'s FAC, ¶ 13.  However, eighteen (18) of the twenty

17    (20) individual theaters have additional stepped emergency exits.  *Id.*  The steps render the emergency

18    exits inaccessible to wheelchair-using patrons (who would require assistance to use them, as Plaintiff

19    claims he once did sometime in 2004).  *Id.*

20        4.    Based on these facts, Plaintiff asserts the legal conclusion that Defendant "do[es] not

21    provide accessible means of egress in the same number as is required for exits by the local building/life

22    safety regulations."  *Id.*  Plaintiff does not explain why he believes this to be so, Plaintiff does not

23    identify the regulations he claims are violated, and Plaintiff does not identify how many means of

24    egress he thinks are required for the multiplex.  *Id.*

25

26    _____

27    [1] Fernandez has filed three separate lawsuits against Regal Cinemas regarding this same issue in the past several months.  The other two cases are *Fernandes v. Chiu*, Case No. 3:08-cv-00623-JSW (N.D. Cal. 2008); *Fernandes v. Regal Cinemas, Inc.*, Case No. 2:08-cv-01560-LKK-JFM (E.D. Cal. 2008).  According to PACER records, Fernandez has filed 17 accessibility lawsuits in the Northern and Eastern Districts of California over the past 2 years.

28

1        5.      After attending a movie at Defendant's movie theater multiplex in which he observed

2    the stepped design of Defendant's additional emergency exits, Plaintiff filed this amended complaint

3    on July 9, 2008, seeking statutory damages, compensatory damages, attorney's fees, and injunctive

4    relief. *Id.* at ¶¶ 16-17, 27.

5    **IV.**    **THE APPLICABLE LEGAL STANDARD**

6           Under Federal Rule of Civil Procedure 12(b)(6), if the Complaint fails to plead facts that entitle

7    a party to relief, the Court must dismiss the Complaint. *See* Rule 12(b)(6); *De La Cruz v. Tormey*, 582

8    F.2d 45, 48 (9th Cir. 1978). In resolving a Rule 12(b)(6) motion, a court must accept all material

9    allegations as true and construe the complaint in a light most favorable to plaintiff. *Cahill v. Liberty*

10   *Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, the Court is "not bound to accept as true

11   a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986);

12   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("the court is not required to

13   accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably

14   be drawn from the facts alleged."). Moreover, a court "need not accept unreasonable inferences,

15   unwarranted deductions of fact, or conclusory allegations cast in the form of factual allegations."

16   *Western Mining v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Thus, courts should dismiss claims under

17   Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of

18   his claim which would entitle him to relief." *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007)

19   (affirming motion to dismiss).

20   **V.**    **ARGUMENTS AND AUTHORITIES**

21       **A.**    **Plaintiff's ADA Title III Claim Fails As A Matter Of Law.**

22          Title III of the Americans with Disabilities Act provides that "[n]o individual shall be

23   discriminated against on the basis of disability in the full and equal enjoyment of the goods, services,

24   facilities, privileges, advantages or accommodations of any place of public accommodation." 42

25   U.S.C. § 12182(a). An alleged violation of the general "full and equal enjoyment" nondiscrimination

26   mandate, however, does not give rise to an independent cause of action. *See, e.g., White v. Cinemark*

27   *USA, Inc.*, No. S-04 CV 397GEB/CMK, 2005 WL 1865495, at *4 (E.D. Cal. Aug. 3, 2005) (rejecting

28   claim under the nondiscrimination language because "the ADA's general non-discrimination language

1    must be considered in light of the regulatory context of the ADA, rather than evaluated in a vacuum");

2    *see also United States v. Nat'l Amusements, Inc.*, 180 F. Supp. 2d 251, 257, 261 (D. Mass. 2001)

3    (general non-discrimination language in the ADA gives rise to an accessibility claim only if the public

4    accommodation fails to comply with a specific accessibility provision); *Caruso v. Blockbuster-Sony*

5    *Music Entm't Ctr.*, 968 F. Supp. 210, 216 (D.N.J. 1997), *aff'd in part, rev'd in part*, 193 F.3d 730 (3d

6    Cir. 1999) ("[W]e cannot rely solely on the 'full and equal enjoyment' statutory language to hold the

7    defendants liable . . . . Clearly, Congress did not intend for [ADA Title III] to be enforceable except

8    through the adoption of a detailed regulatory framework.").[2]  Rather, to properly state a claim, Plaintiff

9    must plead facts showing a violation of a specific ADA Standard.  *See Fortyune v. American Multi-*

10   *Cinema, Inc.*, 364 F.3d 1075, 1084-85 (9th Cir. 2004) ("an examination of the [ADA Standards] –

11   which 'sets guidelines for accessibility to places of public accommodation . . . to be applied during the

12   design, construction and alteration of such buildings,' 28 C.F.R. Part 36 App. A – is necessary in cases

13   that involve the design of a public accommodation under the ADA") (emphasis added).

14        In the present case, Plaintiff pleads that certain emergency exits at Defendant's movie theater

15   multiplex have steps, are thus inaccessible to wheelchair-using patrons (who would require assistance

16   to use them, as Plaintiff claims he once did sometime in 2004), and that Defendant therefore "do[es]

17   not provide accessible means of egress in the same number as is required for exits by the local

18   building/life safety regulations." Pl.'s FAC, ¶ 13.  These facts are not sufficient to state a claim upon

19   which relief may be granted, as the ADA Standard allegedly violated is not identified, and no facts

20   showing a violation of an ADA Standard are pleaded.[3]

21   _____

22   [2] These courts recognize that ADA Title III's general nondiscrimination language must be viewed in
     the overall context of specific enabling regulations (the ADA Standards, sometimes incorrectly called

23   the ADA Accessibility Guidelines, or "ADAAG") that provide clear guidance necessary for architects
     and builders to understand the legal obligations associated with constructing public accommodations.

24   *See Caruso*, 968 F. Supp. at 216; *National Amusements*, 180 F. Supp. 2d at 261 (allowing a party to
     bring an independent claim under the "full and equal enjoyment" language "would not only unduly

25   burden the ability to construct new facilities by allowing the government to impose retroactive
     restrictions on new construction (which would not be subject to notice and comment), but also would

26   place the judiciary in the uncomfortable position of having to fashion complex, technical rules of
     design under the guise of statutory interpretation.").

27   [3] Neither the "local building/life safety regulations," nor the "number of exits" allegedly required by
     the regulations are identified, either.  Moreover, the penultimate allegation – that Defendant "do[es] not

28   provide accessible means of egress in the same number as is required for exits by the local building/life
     safety regulations" – is a legal conclusion, not a factual allegation, and it is well-settled that courts

6

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1    Even assuming for purposes of this Motion, however, that Plaintiff ultimately intends to allege

2    a violation of ADA Standard 4.1.3(9), since his allegations that Defendant "do[es] not provide

3    accessible means of egress in the same number as is required for exits by the local building/life safety

4    regulations" appear to track the language of that regulation, Plaintiff's claim still should be dismissed

5    as a matter of law because its underlying premise – that the existence of allegedly inaccessible stepped

6    emergency exits somehow violates ADA Standard 4.1.3(9) – is demonstrably invalid.

7        The ADA Standards require Defendant to provide at least one accessible means of egress from

8    each movie theater in its multiplex.  Defendant undisputedly does so.  A "means of egress" is a

9    "continuous and unobstructed way of exit travel from any point in a building or facility to a public

10   way." ADA Standard 3.5.  Plaintiff admits that each separate movie theater "has a means of egress, as

11   is required by local building/life safety regulations."  Pl.'s FAC, ¶ 13.[4]  Providing one accessible

12   means of egress is sufficient for ADA compliance.  The court in *Wilson v. Pier 1 Imports (US), Inc.,*

13   439 F. Supp. 2d 1054, 1071 (E.D.Cal. 2006), addressed this issue and concurred that only one

14   accessible means of egress is required under the ADA Standards.  In that case, plaintiff alleged that the

15   means of egress to the emergency exit at the back of a Pier 1 store was not accessible.  *Id.* at 1071 and

16   n.14.  Because Pier 1 already provided an accessible means of egress for plaintiff to exit (the main

17   front door entrance and exit), the court rejected plaintiff's claim, reasoning that the ADA Standards

18   "only requires that at least one accessible route be provided."  *Id.*

19       Moreover, the requirement that Defendant is only required to provide one accessible means of

20   egress is consistent with the specific ADA provisions and technical guidance that govern wheelchair

21   seating in movie theaters.  ADA Standard 4.33.3 states that wheelchair seating areas "shall adjoin *an*

22   accessible route that also serves as a means of egress in case of emergency," not multiple accessible

23   routes.  ADA Standard 4.33.3 (emphasis added).  Likewise, nothing in the ADA mandates where the

24   accessible means of egress must be located in a movie theater.  The Technical Assistance Manual

25   should not "accept legal conclusions cast in the form of factual allegations if those conclusions cannot
26   reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55
     (9th Cir. 1994) (claim dismissed where only conclusory allegations made and no supporting facts
27   alleged).

     [4] Notably, Plaintiff does not allege any problems with respect to entering Defendant's multiplex
28   through the main entrance and exit, or entering the particular movie theater auditoriums.

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1    states that "ADAAG does not specify the location of the accessible means of egress. Therefore, the

2    accessible means of egress from wheelchair locations can be through the rear, the side, or the front of

3    the theater." Department of Justice, Title III Technical Assistance Manual III-7.5180 (1993). Further

4    supporting Defendant's position is the fact that the ADA Standards recognize that an accessible means

5    of egress may incorporate an "area of rescue assistance," which is an area that has "direct access to an

6    exit, where people who are unable to use stairs may remain temporarily in safety to await further

7    instructions or assistance during emergency evacuation." ADA Standard 4.1.3(9); ADA Standard 3.5.[5]

8    Thus, the fact that additional emergency exits may be designed with steps (or even full sets of stairs)

9    does not, and cannot render a multiplex design inaccessible. *See* California State Fire Marshal Code

10   Interpretation #01-019 (acknowledging that movie theater multiplex with one accessible exit complies

11   with the law).[6]

12       Plaintiff concedes in his Complaint that Defendant already provides one accessible means of

13   egress from each theater in the Multiplex. That is all Defendant is required to do under the ADA

14   Standards. Plaintiff's subjective disagreement with the design of the additional emergency exits he

15   observed while attending a movie at Defendant's multiplex does not does not render unlawful the

16   required means of egress Defendant undisputedly provides. Therefore, Plaintiff thus cannot state a

17   viable ADA Title III claim upon which relief may be granted, and this lawsuit should be dismissed.

18

19

20

21

---

22   [5] This is true in the case of virtually every multi-story public building where emergency exits lead to
     stairwells; so long as there is an area of rescue assistance, a building may still provide an accessible

23   means of egress despite having stepped emergency exits. Would Plaintiff seek findings that all such
     buildings are inaccessible?

24   [6] Where the Complaint expressly puts a document at issue, it is proper for the Court to treat the
     document as incorporated by reference, even if Plaintiff does not attach the document to the complaint.

25   *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2001) (applying incorporation by reference doctrine to
     complaint). The Court may incorporate by reference if:  1) the document's authenticity is not contested

26   and the plaintiff's complaint relies on the document; or 2) the court takes judicial notice of the
     document, which is a public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

27   Here, Defendant requests that the Court take judicial notice of the Fire Marshal's publicly available
     code interpretation, as Plaintiff's Complaint expressly puts the California Building Code and life safety

28   regulations at issue. (Pl.'s FAC, ¶¶ 3, 13.)

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

**B.    The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978).  Thus, under Rule 12 of the Federal Rules of Civil Procedure, defendants may seek dismissal of a plaintiff's state law claims on grounds that the court lacks subject-matter jurisdiction over those state law claims where the doctrine of supplemental jurisdiction is inapplicable. *Sparrow v. Mazda American Credit*, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005).

The doctrine of supplemental jurisdiction has been codified in 28 U.S.C. § 1367.  Under Section 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, Congress did not make supplemental jurisdiction over related state law claims mandatory.  Instead, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Here, supplemental jurisdiction over Plaintiff's state law claims should be declined for three independent reasons: 1) once the Court dismisses Plaintiff's federal claim, the only claim for which it has original jurisdiction, the state law claims should be dismissed; or 2) Plaintiff's state law claims predominate over his federal claim; or 3) Plaintiff's state law claims raise novel and complex issues.

**1.    The Court Should Not Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Once The Federal Claim Is Dismissed.**

The Ninth Circuit and district courts within the circuit have repeatedly recognized that when a plaintiff's Title III claim for injunctive relief is dismissed, the plaintiff's state law claims based on the

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1  same allegations should also be dismissed. *See, e.g., Wander v. Kaus,* 304 F.3d 856, 859 (9th Cir.

2  2002); *Pickern,* 339 F. Supp. 2d at 1089; *Pickern v. Best Western Timber Cove Lodge Marina Resort,*

3  194 F. Supp. 2d 1128, 1130, 1133 (E.D. Cal. 2002).

4       In determining whether to dismiss state law accessibility claims after a Title III claim has been

5  dismissed with prejudice, courts weigh the following factors in favor of dismissal: "economy,

6  convenience, fairness, and comity." *Best Western,* 194 F. Supp. 2d at 1133.  Courts recognize that, "in

7  the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will

8  point toward declining to exercise jurisdiction over the remaining state law claims." *Id.*  In *Best*

9  *Western,* the court found that, after the plaintiff's Title III claim was dismissed, it would not retain the

10  state law accessibility claims unless the plaintiff could make a "showing of extraordinary or unusual

11  circumstances." *Id.*  Because the plaintiff in *Best Western* could not show extraordinary or unusual

12  circumstances, the court declined to exercise supplemental jurisdiction despite the "inconvenience to

13  plaintiff, who would have to refile in state court. *Id.*  Here, the factors also weigh in favor of declining

14  supplemental jurisdiction because the Court in this case is not heavily invested in this matter at this

15  juncture, and principles of comity suggest that a state court should decide the state law claims.  In

16  accordance with this well-established body of federal case law, if the Court dismisses Plaintiff's

17  federal claim, the Court should decline exercising supplemental jurisdiction over Plaintiff's state law

18  claims.

19       **2.    Plaintiff's Two State Law Claims Predominate Over His Federal Law**
         **Claim.**

20
        Even if the Court determines that Plaintiff's Title III claim should not be dismissed, the Court

21  should still decline supplemental jurisdiction over Plaintiff's state law claims for monetary damages

22  because they clearly predominate over his Title III claim, just as the court did in *Molski v. Mandarin*

23  *Touch Restaurant,* 359 F. Supp. 2d 924, 937 (C.D. Cal. 2005) ("*Molski II*").  There, plaintiff brought

24  five claims against the defendant restaurant – one claim under Title III for injunctive relief and four

25  state law claims seeking injunctive relief and monetary damages. *Id.* at 926 n.3.[7]  The Court found that

26

27  ───────────────

28  [7] Molski raised two of the same state law claims that Plaintiff brings here – the California Disabled
   Persons Act and the Unruh Civil Rights Act. *Molski II,* 359 F. Supp. 2d at 926 n.3.

1  the four state law claims predominated over the single federal claim because the state law claims

2  already encompassed the injunctive relief sought under Title III, and the state law claims for monetary

3  damages were "central to the [p]laintiffs' litigation strategy of seeking cash settlements." *Id.* at 937.

4  The Court in *Molski II* then concluded that the only reason plaintiff brought the federal claim was to

5  obtain jurisdiction in federal court. *Id.* For this reason, the Central District court declined to exercise

6  supplemental jurisdiction over the state law claims for damages. The same reasoning applies here.

7       Plaintiff's Complaint in this case raises three claims: one under Title III of the ADA seeking

8  injunctive relief and two individual claims under California state law seeking both injunctive relief *and*

9  monetary damages. (Pl.'s FAC, ¶¶ 11-12, 15-16, 20-27.) Under state law, "Plaintiff seeks the

10 minimum of $4,000 pursuant to CC § 52, and $1,000 pursuant to CC § 54.3, for each of the dates on

11 which Plaintiff was subjected to barriers at the Theater. Plaintiff also seeks trebling of all of the actual

12 damages as provided by Civil Code § 54.3." (Pl.'s FAC, ¶ 16.) As Plaintiff is well aware, these

13 monetary damages are not available under Title III where only injunctive relief is available. 42 U.S.C.

14 § 12188(a); *Wander*, 304 F.3d at 858 ("Damages are not recoverable under Title III of the ADA.")

15 Because Plaintiff primarily seeks monetary damages under state law in this case, it must be inferred, as

16 in *Molski II*, that the only reason he even raised a federal claim for injunctive relief is to invoke the

17 Court's jurisdiction. To the extent Plaintiff sincerely seeks injunctive relief, he can still obtain such

18 relief under his state law claims, and he is in fact expressly seeking injunctive relief on his state law

19 claims (Pl.'s FAC, ¶ 15.) *Molski v. Mandarin Touch Rest.* ("*Molski I*"), 347 F. Supp. 2d 860, 867

20 (C.D. Cal. 2005). For this reason, the Court should decline exercising supplemental jurisdiction over

21 Plaintiff's state law claims seeking monetary damages because they clearly predominate over his sole

22 federal claim for injunctive relief.

23      **3.**     **Plaintiff's State Law Claims Raise Novel Issues Of State Law.**

24      Finally, even if Plaintiff's federal claim survives, the Court should nevertheless decline

25 exercising supplemental jurisdiction over Plaintiff's state law claims for the separate reason that these

26 claims raise issues of state law that are novel and unsettled. *See* 28 U.S.C. § 1367(c)(1). Under these

27 circumstances, the Court should follow the growing number of courts that have abstained from

28 granting jurisdiction over state law accessibility claims so that a California state court can resolve the

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1   novel issues of state law created by the decision in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006).

2       The Unruh Act was amended by the California Legislature in 1992 so that an accessibility

3   plaintiff may prove an Unruh Act claim by establishing an ADA violation. *See* Cal. Civ. Code § 51(f).

4   In *Gunther*, a California appellate court held that an accessibility plaintiff who prevailed on his Unruh

5   Act claim by proving an ADA violation only entitled to $4,000 in monetary damages under California

6   Civil Code § 52 if he could show intentional discrimination. *Gunther*, 144 Cal. App.4th at 231. The

7   *Gunther* court held that the damages provision in California Civil Code § 52 still requires evidence of

8   intentional discrimination to obtain $4,000 in statutory damages for an Unruh Act violation. *Id.* at

9   232-33. If the basis of an accessibility plaintiff's Unruh Act claim is an ADA violation and he does

10  not prove that defendant intentionally discriminated against him, then the plaintiff is only entitled to

11  $1,000 in statutory damages under the DPA, California Civil Code § 54.3. *Id.* at 233. The state

12  court's decision in *Gunther* directly conflicts with an earlier Ninth Circuit decision, *Lentini v. Cal. Ctr.*

13  *For the Arts*, 370 F.3d 837, 847 (9th Cir. 2004), in which the Ninth Circuit held that an accessibility

14  plaintiff who prevailed on an Unruh Act claim by establishing an ADA violation is not required to

15  prove intentional discrimination to recover $4,000 in statutory damages.

16      Because of this conflict, federal courts in the Ninth Circuit rightfully began declining to

17  exercise supplemental jurisdiction over state law accessibility claims due to the novel damages issues

18  raised with respect to Unruh Act and DPA claims, such as those raised in this case. Thus, in *Wilson v.*

19  *PFS, LLC*, 493 F. Supp. 2d 1122 (S.D. Cal. 2007), the district court held that "Plaintiff's state law

20  claims are more appropriately resolved by state courts in light of *Gunther* and the current state of

21  California state disability law. At this point in time, the Unruh Act's remedial provisions present novel

22  and complex matters of state law that are 'better left to the California courts' for interpretation and

23  decision." *Id.* at 1126. *See also Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM

24  (RBB), 2007 WL 951772, at *5-6 (S.D. Cal. March 6, 2007) ("*Lentini* and *Gunther* show that federal

25  and state interpretation of the Unruh Act have diverged to such a degree that declining supplemental

26  jurisdiction is appropriate in this case"); *Kohler v. Mira Mesa Marketplace West, LLC*, No. 06CV2399

27  WQH (POR), 2007 WL 1614883, at *3 (S.D. Cal. 2007) (court declined to exercise supplemental

28  jurisdiction over state law accessibility claims because of the "irreconcilable tension between the ADA

1  and the Unruh Act"); *Pinnock v. Java Depot, Inc.*, Civil No. 06CV1871-L(JMA), 2007 WL 2462106,

2  at *5-6 (S.D. Cal. Aug. 28, 2007) (same).

3       Following this lead, this Court, per Judge White, recently declined exercising supplemental

4  jurisdiction over a Title III plaintiff's state law accessibility claims:

5       This Court finds the reasoning of the majority of judges in the California district courts to
         be persuasive. It is for the state courts, not the federal courts, to determine the proper

6       interpretation of the Unruh Act and its effect on Plaintiff's state law claims. If this Court
         maintains jurisdiction over Plaintiff's state law claims, the Court will be bound by *Lentini*

7       to allow Plaintiff to recover damages under the Unruh Act without any showing of
         intentional discrimination. However, if Plaintiff had filed this case in state court, the

8       state court would be bound by *Gunther* to deny relief unless Plaintiff established intent.

9       Although in this case, Plaintiff has alleged intent, the Court would ultimately have to
         resolve a novel and complex issue of state law, that is, whether Plaintiff would need to

10      prove intentional discrimination in order to recover under the Unruh Act. Although it
         would be more convenient for this lawsuit to be adjudicated in one action, the novelty

11      and complexity of the state law issues weighs in favor of dismissing them to allow
         California state courts to resolve the issue.

12

13  *Yates v. Union Square*, No. C 07-04087 JSW, 2008 WL 346418, at *3 (N.D. Cal. Feb. 7, 2008). The

14  same rationale applies here. Plaintiff is alleging state law accessibility violations based, in part, on

15  alleged violation of the ADA, and is seeking statutory damages that are only available under state law.

16  Pl.'s FAC, ¶¶ 14, 16; *Wander,* 304 F.3d at 858.[8]  If this Court retained Plaintiff's state law claims, the

17  Court would be required to determine "whether Plaintiff would need to prove intentional

18  discrimination in order to recover under the Unruh Act." *Id.*  As the Court in *Yates* recognized,

19  resolution of this novel issue of state law is best left to state courts.

20

21

22

23

24

25

26

---

27  [8] To the extent Plaintiff is seeking statutory damages because of alleged violations of the accessibility
    requirements set forth in the California Building Code, again, this only supports dismissing the state

28  law claims so that a state court can interpret state building code provisions.

13

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES

1

## VI.    CONCLUSION

2

For the reasons set forth above, the Court should dismiss Plaintiff's Title ADA III claim with

3

prejudice and dismiss Plaintiff's state law claims without prejudice.  Alternatively, should the Court

4

decline to dismiss the ADA Title III claim, the Court should nevertheless decline to exercise

5

supplemental jurisdiction over Plaintiff's state law claims for damages.

6

7

Dated: September 5, 2008                **HUNTON & WILLIAMS LLP**

8

9

By  s/ Y. Anna Suh
                                                      Y. Anna Suh

10

Attorney for Defendant Regal Cinemas, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF AND MOTION TO DISMISS PLAINTIFF'S CLAIMS;
MEMORANDUM OF POINTS AND AUTHORITIES