HUNTON & WILLIAMS LLP
M. BRETT BURNS (SBN 256965)
mbrettburns@hunton.com
Y. ANNA SUH (SBN 228632)
asuh@hunton.com
575 Market Street, Suite 3700
San Francisco, CA 94105
Telephone: 415.975.3700
Facsimile: 415.975.3701

Attorneys for Defendant Regal Cinemas, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL FERNANDES, <br><br> Plaintiff, <br><br> v. <br><br> REGAL CINEMAS, INC., <br><br> Defendant. | Case No. C08-1024 BZ <br><br> DEFENDANT'S NOTICE OF AND MOTION TO STAY DEADLINES IN CASE SCHEDULE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT <br><br> Date Action Filed: February 20, 2008 <br><br> Date: October 15, 2008 <br> Time: 10:00 a.m. <br> Ctrm: G, Fifteenth Floor <br><br> Magistrate Judge Bernard Zimmerman |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 15, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Bernard Zimmerman, United States Magistrate Judge, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Regal Cinemas, Inc. will and hereby does move to stay the deadlines set forth in the Case Schedule and General Order 56 until the Court rules on Defendant's contemporaneously-filed Motion to Dismiss and makes a threshold determination as to the viability of Plaintiff's claims in this lawsuit.[1]

---

[1] Defendant files this Motion subject to and without waiving its Motion to Dismiss.

1
DEFENDANT'S NOTICE OF AND MOTION TO STAY DEADLINES IN CASE SCHEDULE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  Defendant's motion is made pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil
2  Procedure on the ground that good cause exists for staying all mandatory discovery deadlines set forth
3  in the Case Schedule and under the Northern District of California's General Order 56 so that the
4  Court can rule on purely legal issues that may dispose of this case before the parties engage in costly
5  and time-consuming discovery that may ultimately be unnecessary.
6  This motion is based upon this notice of motion and motion, on the memorandum of points and
7  authorities filed herewith, and on all the pleadings and papers on file herein.

Dated: September 5, 2008

**HUNTON & WILLIAMS LLP**

By s/ Y. Anna Suh
     Y. Anna Suh

Attorneys for Defendant Regal Cinemas, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Defendant Regal Cinemas, Inc. respectfully asks the Court to stay the deadlines in the Case Schedule, including all deadlines for mandatory discovery set forth therein, until the Court rules on Defendant's contemporaneously-filed Motion to Dismiss and makes a threshold determination as to the viability of Plaintiff's claims in this lawsuit. In support of its Motion, Defendant states as follows:

1. On February 20, 2008, Plaintiff Michael Fernandes filed this lawsuit against Regal raising a claim for injunctive relief under Title III of the Americans with Disabilities Act and claims for monetary damages under California state law. *See* Plaintiff's Complaint (Docket No 1.)

2. Pursuant to the Northern District of California's General Order 56, "any action which asserts denial of a right of access protected by Title III of the Americans with Disabilities Act" is subject to specific discovery and alternative dispute resolution deadlines in order to streamline litigation. *See* N.D. Cal. General Order 56, ¶¶ 1-6. Moreover, the Court also entered a Case Schedule setting discovery and alternative resolution deadlines. *See* Case Schedule (Docket No. 2.).

3. Counsel for Plaintiff and Counsel for Defendant have had discussions about this lawsuit, and two related lawsuits, for several months. The discussions were positive, and while the parties did not reach agreement to dispose of the lawsuit, the discussions have resulted in a better understanding of each side's position on the claims and defenses presented in this lawsuit, as well as on ways to streamline the adjudication of this lawsuit.

4. Following these discussions, and as a result of these discussions, Plaintiff filed a First Amended Complaint on July 9, 2008. *See* Plaintiff's First Amended Complaint, ¶ 3 (Docket No. 3.)

5. Per a deadline agreement between Plaintiff and Defendant, Defendant has filed today a Motion to Dismiss Plaintiff's claims as a matter of law under Federal Rule of Civil Procedure 12(b)(6). Plaintiff will file his response in due course, and Defendant will thereafter file its reply. If the Motion is granted, the case will be dismissed, and if not, the case will proceed.

6. Under both Rules 16 and 26, a court may modify scheduling orders and stay discovery for "good cause" shown. Fed. R. Civ. P. 16(b)(4) (a case "schedule may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c) (upon showing of "good cause," court may stay discovery). Moreover, as the Ninth Circuit recognizes, a "district court has wide discretion in

controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Little*, the district court stayed discovery pending resolution of a purely legal issue. The court held that the "stay furthers the goal of efficiency for the court and litigants." *Id.* Likewise, in *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987), the Ninth Circuit upheld a district court's ruling staying discovery pending a ruling on defendant's motion to dismiss. The appellate court acknowledged that "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Id.* In that case, the court held that staying discovery until resolution of a pending motion to dismiss was appropriate "since the [plaintiff's] complaint did not raise factual issues that required discovery for their resolution." *Id.*; *see also Alaska Cargo Transport, Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stay of discovery appropriate because discovery was not required to rule on motion to dismiss).

7.   Here, additional discovery as mandated by the Case Schedule is not required before ruling on Defendant's 12(b)(6) motion. Defendant's motion to dismiss is based entirely on the factual allegations in Plaintiff's First Amended Complaint. Staying discovery in this case until the Court rules on a motion that has the potential to completely dispose of the case motion serves the purpose of judicial efficiency and economy. It is also consistent with the fundamental purpose behind General Order 56 -- streamlining litigation in ADA Title III cases. Defendant's motion may completely resolve this lawsuit on purely legal issues before the parties engage in discovery. Thus, Defendant has shown that good cause exists, and the Court should stay the deadlines set forth in its Case Schedule, including all discovery deadlines. *See Thomas v. Evans*, No. C 06-3581 MMC (PR), 2008 WL 142403, at *3 (N.D. Cal. Jan. 14, 2008) (court held that good cause existed for staying discovery pending resolution of motion to dismiss where, among other things, further discovery would not be necessary).

1 | For these reasons, Defendant Regal Cinemas, Inc. respectfully requests that the Court enter an order staying the deadlines in the Court's Case Schedule, including all discovery deadlines, until the Court rules on Defendant's Motion to Dismiss.

Dated: September 5, 2008

**HUNTON & WILLIAMS LLP**

By <u>s/ Y. Anna Suh</u>
　　　　Y. Anna Suh

Attorneys for Defendant Regal Cinemas, Inc.