HUNTON & WILLIAMS LLP
M. BRETT BURNS (SBN 256965)
mbrettburns@hunton.com
Y. ANNA SUH (SBN 228632)
asuh@hunton.com
575 Market Street, Suite 3700
San Francisco, CA 94105
Telephone: 415.975.3700
Facsimile: 415.975.3701

Attorneys for Defendant
REGAL CINEMAS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL FERNANDES,<br><br>             Plaintiff,<br><br>v.<br><br>REGAL CINEMAS, INC.,<br><br>             Defendant. | Case No. C08-1024 BZ<br><br>DEFENDANT'S AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLAIMS<br><br>Date Action Filed: February 20, 2008<br><br>Date: December 3, 2008<br>Time: 10:00 a.m.<br>Ctrm: G, Fifteenth Floor<br><br>Magistrate Judge Bernard Zimmerman |

DEFENDANT'S AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLAIMS

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2008, at 10:00 a.m. or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Bernard Zimmerman, United States Magistrate Judge, located at 450 Golden Gate Ave., San Francisco, California 94102, Defendant Regal Cinemas, Inc. will and hereby does move to dismiss the federal and state law causes of alleged in the Complaint filed by Plaintiff Michael Fernandes in the above-captioned action.

Defendant's motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's ADA Title III claim is predicated on his personal observations that certain emergency exits at Defendant's movie theater multiplex have steps, are thus inaccessible to wheelchair-using patrons (who would require assistance to use them, as Plaintiff allegedly did sometime in 2004), and that Defendant therefore "do[es] not provide accessible means of egress in the same number as is required for exits by the local building/life safety regulations." No viable ADA Title III claim is presented on these facts. Defendant provides one accessible means of egress from each theater in the multiplex, Plaintiff admits that Defendant does so through the main entrance and exit, about which he has no complaint whatsoever, and that is all Defendant is required to do under the ADA Standards. ADA Title III does not require additional exits, including additional emergency exits, to be wheelchair-accessible. To be sure, the stepped emergency exit design about which Plaintiff appears to complain exists in virtually every multi-story place of public accommodation in the country, and it strains credibility to suggest that all of these designs, used in architecture and construction for decades, are somehow unlawful. Plaintiff has not and cannot state an ADA Title III claim upon which relief may be granted, and this lawsuit should therefore be dismissed.

If the Court dismisses Plaintiff's ADA Title III claim, the Court should decline to exercise jurisdiction over Plaintiff's supplemental state law claims and dismiss those claims without prejudice. Should the Court not dismiss Plaintiff's ADA Title III claim, the Court should nevertheless independently decline exercising supplemental jurisdiction over Plaintiff's state law claims because they raise novel issues of state accessibility law that, as this Court has already recognized, should be adjudicated by a state court, or because they predominate over his federal claim.

DEFENDANT'S AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLAIMS

1  This motion is based upon this notice of motion and motion, on the memorandum of points and
2  authorities filed herewith, and on all the pleadings and papers on file herein.

3  Dated: September 8, 2008              **HUNTON & WILLIAMS LLP**

4
5                                        By s/ Y. Anna Suh
                                             Y. Anna Suh
6                                        Attorneys for Defendant Regal Cinemas, Inc.

2
DEFENDANT'S AMENDED NOTICE OF MOTION TO DISMISS PLAINTIFF'S CLAIMS